UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN PINK, ADMINISTRATOR OF THE ESTATE OF DIANN PINK, DECEASED<br>c/o RITTGERS RITTGERS & NAKAJIMA<br>12 East Warren Street<br>Lebanon, Ohio 45036 | : <br> : <br> : | CASE NO. _____ <br><br> JUDGE _____ |
| Plaintiff, | : | |
| v. | : | COMPLAINT; JURY DEMAND ENDORSED HEREON |
| | : | |
| RICHARD K. JONES, SHERIFF<br>Butler County Sheriff's Office<br>705 Hanover Street<br>Hamilton, Ohio 45011<br>*In his Official Capacity* | : <br> : <br> : | |
| and | : | |
| ANTHONY ABDULLAH, M.D.<br>Butler County Sheriff's Office<br>705 Hanover Street<br>Hamilton, Ohio 45011 | : <br> : <br> : | |
| and | : | |
| PARAMEDIC JAMIE PEARSON<br>Butler County Sheriff's Office<br>705 Hanover Street<br>Hamilton, Ohio 45011 | : <br> : | |
| and | : | |
| PARAMEDIC JOHN HANSBAUER<br>Butler County Sheriff's Office<br>705 Hanover Street<br>Hamilton, Ohio 45011 | : <br> : | |
| and | : | |
| PARAMEDIC GIVENS<br>Butler County Sheriff's Office | : | |

705 Hanover Street                          :
Hamilton, Ohio 45011

                                            :

and

                                            :

C.O. SABRINA JOHNSON
Butler County Sheriff's Office
705 Hanover Street                          :
Hamilton, Ohio 45011

                                            :

and

                                            :

C.O. CHIRSTINA WEAVER
Butler County Sheriff's Office
705 Hanover Street                          :
Hamilton, Ohio 45011

                                            :

and

                                            :

C.O. McINTOSH
Butler County Sheriff's Office
705 Hanover Street                          :
Hamilton, Ohio 45011

                                            :

and

                                            :

JOHN DOES 1-10
Butler County Sheriff's Office              :
705 Hanover Street
Hamilton, Ohio 45011                        :

            Defendants.                     :

---

Now comes Plaintiff, John Pink ("Plaintiff"), by and through counsel, and for his Complaint states as follows:

**PRELIMINARY STATEMENT**

1.      This suit is filed in order to vindicate the protections afforded to pretrial detainees by the Eighth and Fourteenth Amendments to the Constitution of the United States of America. Namely, to be protected from deliberate indifference to serious medical needs. This suit seeks

2

economic redress for the suffering and loss of the life of Diann Pink ("Diann") while incarcerated in the Butler County, Ohio Jail.

## PARTIES

2.      Plaintiff is the surviving spouse of Diann and Administrator of her Estate, duly appointed by the Butler County Probate Court in Case No. PE23-04-0383.

3.      Defendant Richard K. Jones ("Jones") is the current elected Sheriff of the Butler County Sheriff's Office ("BCSO"). As the Sheriff, Jones is a policy maker for the BCSO and is being sued in his official capacity.

4.      Defendant Anthony Abdullah, M.D. was at all times relevant to this action employed by BCSO as the jail physician. Abdullah is a "person" as defined by 42 U.S.C. § 1983 and at all times relevant to this action acted under color of law. Abdullah is being sued in his individual capacity.

5.      Defendants Jamie Pearson, John Hansbauer and Givens were at all times relevant to this action employed by BCSO as Jail Paramedics. They are "persons" as defined by 42 U.S.C. § 1983 and at all times relevant to this action acted under color of law. They are being sued in their individual capacities.

6.      Defendants Sabrina Johnson, Christina Weaver and McIntosh were at all times relevant to this action employed by BCSO as corrections officers. They are "persons" as defined by 42 U.S.C. § 1983 and at all times relevant to this action acted under color of law. They are being sued in their individual capacities.

7.      John Does 1-10, upon information and belief, are employees or agents of the BCSO also working as corrections officers and/or paramedics. John Does 1-10 condoned, conducted, and/or facilitated the illegal conduct described in this action.  John Does 1-10 are "persons" as

3

defined 42 U.S.C. § 1983 and at all times relevant to this action acted under color of law. John Does 1-10 cannot currently be identified and are being sued in their individual capacities.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the dispute between the parties pursuant to 28 U.S.C. §§ 1331 and 1343(3) and (4) because Plaintiff's civil causes of action arise under the Constitution and laws of the United States, including but not limited to, 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the U.S. Constitution.

9. This Court also has supplemental jurisdiction to hear Plaintiff's related state law causes of action pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because this Court sits in the district where all of the Defendants reside and is also the district where the substantial part of the events or omissions in connection with Plaintiff's claims arose.

## FACTS

11. This action arises out of the Defendants' deliberate indifference to Diann's serious medical need of opiate withdrawal while she was in custody at the Butler County Jail ("BCJ") on or about September 7-11, 2021.

12. On September 7, 2021, Diann was booked into the BCJ after a traffic stop during which she was under the influence of heroin, admitted same to the officer, and was found in possession of a significant amount of heroin rocks.

13. Diann was entirely cooperative during the booking process, during which she expressed concern that she would be "dope sick," meaning that she would suffer withdrawal symptoms.

4

14. During the remainder of September 7 and 8, 2021, Diann exhibited obvious signs of extreme withdrawal symptoms, including but not limited to shouting out in pain, lethargy, and inability to eat, stand or walk.

15. At approximately 0035 on September 9, 2021, Diann was transferred into a medical cell with glass windows and doors for observation. Diann continued to exhibit obvious signs of extreme withdrawal symptoms.

16. Diann was found dead in her cell the evening of September 11, 2021.

17. Throughout her incarceration, Diann was a pretrial detainee.

18. During her incarceration, Defendant Abdullah prescribed two medications for high blood pressure, but took no action to address Diann's deadly withdrawal.

19. Numerous cell mates and fellow inmates attempted to get help for Diann during her incarceration, recognizing her severe condition.

20. The individual Defendants ignored and completely failed to address Diann's serious known medical needs. According to the statements of fellow inmates, the individual Defendants "treated Diann like shit."

21. Defendants' deliberate indifference to Diann's known serious medical need was the proximate cause of her suffering and death.

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983 – Deliberate Indifference – Individual Defendants)

22. Plaintiff incorporates his previous allegations as if fully rewritten herein.

23. At all relevant times herein, the individual Defendants were acting under color of law as agents, servants, and/or employees of Jones and the BCSO.

24. As agents, servants, and/or employees of Jones and the BCSO, and pursuant to the protections afforded to individuals by the Eighth and Fourteenth Amendments to the U.S.

5

Constitution, Defendants had a duty of care to refrain from deliberate indifference to Diann's serious medical needs while she was in custody at the BCJ.

25.     Defendants breached their duties to Diann by ignoring Diann's obvious severe opiate withdrawal symptoms, allowing her to suffer and eventually die.

26.     The individual Defendants acted recklessly and deliberately in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.

## SECOND CAUSE OF ACTION
(42 U.S.C. § 1983 – *Monell* Claims - Jones)

27.     Plaintiff incorporates his previous allegations as if fully rewritten herein.

28.     Defendant Jones, as elected Sheriff of Butler County, is sued in his official capacity as the proper representative of the municipality.

29.     A municipality is liable for constitutional violations for which it is responsible pursuant to *Monell v. Dep't of Soc. Servs. Of City of New York,* 436 U.S. 658.

30.     A municipality can be held liable for constitutional violations under two theories applicable to this case: 1) the existence of a policy of inadequate training or supervision; and/or 2) the existence of a custom of tolerance or acquiescence of federal rights violations. *Burgess v. Fischer,* 735 F.3d 462, 478 (6th Cir. 2013).

31.     A claim that a failure to train or supervise is the result of a municipality's deliberate indifference can be proved in either of two ways, both of which are applicable to Diann's case: 1) a pattern of similar constitutional violations by untrained employees, or 2) a single violation of federal rights, accompanied by a showing that the municipality has failed to train its employees to handle recurring situations presenting an obvious potential for a constitutional violation. *Shadrick v. Hopkins Cnty.,* 805 F.3d 724, 738-39 (6th Cir. 2015).

32.     Jones has long tolerated or acquiesced in a custom of inadequate care to inmates who are "dope sick" or suffering from drug withdrawal. These inmates are allowed to suffer as a form of punishment, retribution or accountability for their drug use. As just one example, inmate Cody Bohanan died in BCJ only two months before Diann under circumstances almost identical to the death of Diann. Despite that tragedy, Jones took no action to prevent the similar death of Diann.

33.     Jones has failed to adequately train and supervise his employed corrections officers and medical personnel to ensure proper care is provided to inmates suffering the serious medical need of drug withdrawal.

34.     Jones employees, the individual Defendants, failed to recognize or address obvious signs of Diann's imminent demise, due to their inadequate training or due to Jones's tolerance and acquiescence in a custom of inadequate care to "dope sick" inmates.

## THIRD CAUSE OF ACTION
(Violation of Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. – Jones)

35.     Plaintiff incorporates his previous allegations as if fully rewritten herein.

36.     Titles II and III of the Americans with Disabilities Act (ADA) prohibit discrimination on the basis of disability in all programs, services and activities of public entities.

37.     To state a claim under the ADA, a plaintiff must allege that the person denied services (1) was disabled, (2) is otherwise qualified for the service, program, or activity of the entity, and (3) was discriminated against in that service, program, or activity solely on the basis of the disability.

38.     A disability is defined as (1) a physical or mental impairment that substantially limits one or more major life activities, (2) a record of such impairment, or (3) being regarded as having such an impairment.

7

39.    A plaintiff can establish a violation of the ADA pursuant to three theories: (1) disparate treatment, (2) disparate impact, and/or (3) failure to provide a reasonable accommodation.

40.    Defendants knew that Diann suffered from the qualifying physical disability of drug addiction and/or regarded her as having such a disability.

41.    Jones knew that his officers and medical personnel would encounter drug-addicted inmates in the ordinary course of their official duties.

42.    Jones, however, failed to adequately train his employees and implement policies to address the handling of drug-addicted inmates who require treatment.

43.    As a direct and proximate cause of Defendants' discrimination, Diann suffered and died from her disability.

## FOURTH CAUSE OF ACTION
(Survivorship and Wrongful Death under Ohio law – All Defendants)

44.    Plaintiff incorporates his previous allegations as if fully rewritten herein.

45.    Defendants' willful, wanton and/or reckless actions caused the wrongful death of Dian described herein resulting in damages recoverable for her conscious pain and suffering under Ohio Revised Code § 2305.21 and for her wrongful death under Ohio Revised Code § 2125.02.

**WHEREFORE,** Plaintiff respectfully demands judgment against Defendants in excess of $75,000, jointly and severally, for compensatory damages to be proved at trial, lost wages, punitive damages because the actions of Defendants were malicious and intended to cause Plaintiff severe harm, reasonable attorney's fees, costs and all other relief to which he may be lawfully entitled.

Respectfully submitted,

/s/ Konrad Kircher

Konrad Kircher (0059249)
Ryan J. McGraw (0089436)
RITTGERS RITTGERS & NAKAJIMA
12 East Warren Street
Lebanon, Ohio 45036
Tel.: 513/932-2115
Fax:  513/934-2201
konrad@rittgers.com
ryan@rittgers.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands trial by a jury of his peers as to all issues so triable herein.

/s/ Konrad Kircher

Konrad Kircher (0059249)

9